# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-30042-2 |
| | ) | |
| **CHAD HANSMEIER,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

The Court held a Final Pretrial Conference on April 10, 2015. At the hearing, the Court GRANTED IN PART and DENIED IN PART the Government's Motion in Limine (d/e 94); DENIED the Defendant Chad Hansmeier's second Motion for Bill of Particulars (d/e 102); and DENIED the Defendant's Motion for Reconsideration of Decisions Regarding Suppression (d/e 109). The Court sets forth the basis for those rulings herein. This matter is set for a continued Final Pretrial Conference on April 17, 2015 at 1:30 p.m.

# I. MOTION IN LIMINE

In the Motion in Limine, the Government seeks an Order from the Court to: (1) require that defense counsel only impeach cooperating witnesses with those prior felony convictions which occurred within the past 10 years, consistent with Rule 609; (2) prohibit defense counsel from eliciting references to Detective Mike Murphy's work records; (3) prohibit defense counsel from submitting as evidence a letter Defendant wrote several days after his arrest; and (4) prohibit defense counsel from referencing any prior communications between Defendant's attorney, Bruce Locher, and Defendant's co-defendant, Jason Walker.

"Evidence should be excluded in limine only where [the evidence] is clearly inadmissible on all potential grounds." United States v. Lillie, 669 F.Supp.2d 903, 905 (N.D. Ill. 2009). The party moving for exclusion of the evidence bears the burden of establishing that the evidence is not admissible for any purpose. Id. If the motion in limine is denied, the Court addresses the objections as they arise at trial. Id. at 906.

A.  **Defense Counsel May Not Impeach Walker With an Ordinance Violation Charge, and the Court Will Determine at Trial the Admissibility of the Other Conviction for Impeachment Purposes**

The Government asks that defense counsel be limited to impeaching each cooperating witness with only those prior felony convictions which occurred within the past ten years, consistent with Rule 609. For example, the Government is concerned that defense counsel is going to try to impeach co-defendant Jason Walker with a pending charge for a city ordinance violation for "interference." The Government argues that a city ordinance violation is not appropriate for impeachment because (1) it is a charge, not a conviction; and (2) even if Walker is convicted of that ordinance violation prior to trial, that conviction would be improper impeachment material because it is only a city ordinance violation and does not involve a dishonest act or false statement because it stems from Walker's refusal to submit to a search, which has nothing to do with dishonesty. See United States v. Miles, 207 F.3d 988, 993-94 (7th Cir. 2000) (finding that the witness's city ordinance conviction for failing to register a gun did not involve

fraud or dishonesty and, therefore, was not admissible under Federal Rule of Evidence 608(b)).

Federal Rule of Evidence 609 governs the admission of criminal convictions for purposes of impeachment. Fed.R.Evid. 609. Under Rule 609, a criminal conviction for a crime punishable by death or by imprisonment for more than one year must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect. Fed.R.Evid. 609(a)(1)(B). In addition, a criminal conviction for any crime may be admitted for impeachment if the court "can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). If more than 10 years have passed since the conviction or the witness's release from confinement, whichever is later, the conviction may be admitted only if (1) its probative value substantially outweighs its prejudicial effect, and (2) the proponent gives the adverse party reasonable notice of the intent to use the conviction. Fed. R. Evid. 609 (b)(1), (2).

Additionally, Federal Rule of Evidence 608(b) prohibits the admission of specific instances of misconduct to attack or support a witness's character for truthfulness, with the exception of a criminal conviction under Rule 609. Fed. R. Evid. 608(b). The court may allow inquiry into specific acts of misconduct on cross-examination if the specific acts of misconduct are probative of the character for truthfulness or untruthfulness of the witness or another witness whose character the witness being cross-examined testified about. Id.

The Court agrees with the Government that Defendant cannot use the ordinance violation charge to impeach Walker. It is not a felony conviction and does not involve an act of misconduct probative of Walker's character for truthfulness or untruthfulness. Moreover, any other convictions Defendant intends to use as impeachment against any of the witness who testify at trial must comply with the requirements of the Federal Rules of Evidence. Specific objections to the use of those convictions will be addressed at trial. Therefore, the Government's Motion in Limine is granted as

to Walker's alleged ordinance violation and denied with regard to any other convictions, subject to being raised again at trial.

B. **Defendant May Not Elicit References to Detective Mike Murphy's Work Records and May Not Call Him to Testify Unless Defendant Demonstrates Detective Murphy Has Relevant Information**

The Government indicates that it does not intend to call Detective Murphy to testify at trial. The Government asks that defense counsel be precluded from referencing Detective Murphy's work record or questioning other witnesses about it, as it is wholly irrelevant to anything to be addressed at trial.

Detective Murphy is the special agent with the Northeast Missouri Narcotics Task Force who executed an Affidavit for No-Knock Search Warrant which uncovered drugs in Defendant's home. In his Amended Supplemental Motion to Suppress Evidence (d/e 54), Defendant argued that Detective Murphy deliberately and recklessly omitted information about prior discipline he had received. The Court found that the information was not material and, even if the information had been included in the Affidavit, the Affidavit still set forth sufficient facts that would cause a reasonable

person to believe that a search would uncover evidence of criminal activity.  See Opinion (d/e 67).

Defense counsel asserts that he intends to call Detective Murphy to testify about what Detective Murphy put in the Affidavit in support of the search warrant and what happened during the search of Defendant's home.  Defense counsel asserts that, if not for Detective Murphy, the search would not have occurred.

The Court finds that the proposed testimony Defendant intends to elicit from Detective Murphy is not relevant.  The Court previously denied Defendant's motion to suppress raising the argument about the omission of Detective Murphy's disciplinary record.  Therefore, the Court grants the Government's motion in limine on this issue unless defense counsel can provide a basis for why Detective Murphy should testify.  See, e.g., United States v. Giles, 246 F.3d 966, 974 (7th Cir. 2001) (noting that it is "clear that a party may not call a witness for the sole purpose of impeaching him").

## C. Defendant's Letter Written Several Days After His Arrest is Not Admissible

The Government notes that Defendant gave a statement to Captain Patti Talburt and Inspector Nick Hiland after Defendant was arrested on May 15, 2013. In that statement, Defendant admitted to trafficking narcotics on credit and to being in substantial debt to his drug suppliers. The Government argues that this statement is admissible under Federal Rule of Evidence 801(d)(2) as a statement of a party opponent. See Fed.R.Evid. 801(d)(2) (providing that a statement offered against an opposing party is not hearsay if it was made by the party in an individual or representative capacity).

The Government seeks to exclude a subsequent letter written by Defendant a few days later in which Defendant claimed he did not remember anything from the night of his arrest and that any statement he made on that night should not be used against him because he was high when he made the statement. The Government argues that the letter is hearsay and no exception to the hearsay rule applies. Defendant does not object to the Court

barring admission of the letter.  Therefore, the Government's motion is granted with regard to the letter Defendant wrote a few days after his arrest.

**D.   Walker's Communications With Defendant's Attorney, Bruce Locher, are Not Admissible**

Finally, the Government seeks to exclude any reference to prior communications between Defendant's attorney, Bruce Locher, and co-defendant Walker or to the fact that Walker attempted to hire Locher because such evidence is irrelevant.  The Government also argues that Attorney Locher should be prohibited from questioning Walker on any matters that Locher may have learned about during his conversations with Walker if those matters are not already part of the record from other sources (such as police reports).  Defendant does not object.

The motion in limine is granted.  Defense counsel cannot question Walker about prior communications between Attorney Locher and Walker or the fact that Walker attempted to hire Attorney Locher because such evidence is irrelevant.  Moreover, defense counsel cannot question Walker on any matters Attorney

Locher learned from Walker during his prior conversations without first requesting a sidebar to ensure that the information is part of the record from other sources.

## II. SECOND MOTION FOR BILL OF PARTICULARS

Defendant filed a second Motion for Bill of Particulars. The only differences between Defendant's first Motion for Bill of Particulars and the second Motion for Bill of Particulars are Defendant's assertions that: (1) the Third Superseding Indictment significantly expanded the dates of the conspiracy; (2) the discovery the Government provided to Defendant leaves open the question of who Defendant's alleged co-conspirators are, besides Walker, and whether the Government is attempting to combine multiple conspiracies into a single count; (3) Defendant could be convicted on the basis of facts not found by or even presented to the grand jury which indicted him, citing United States v. Roman, 728 F.2d 846 (7th Cir. 1984); (4) it "is not sufficient for the Government to make a 'document dump' of hundreds of pages of discovery and tell the defense to go figure it out"; and (5) "What makes an individual a 'conspirator' as opposed to simply a seller or purchaser of a

controlled substance?" Mot. ¶¶ 10, 11 (d/e 102); Mem. A3, B, F (d/e 103).

Federal Rule of Criminal Procedure 7(f) provides that a court may, in its discretion, order the Government to provide the defendant with a bill of particulars. Fed. R. Crim. P. 7(f); <u>United States v. Canino</u>, 949 F.2d 928, 929 (7th Cir. 1991). Whether a bill of particulars is necessary depends on whether the indictment "sufficiently apprises the defendant of the charges to enable him to prepare for trial." <u>Canino</u>, 949 F.2d at 929.

As this Court found when denying the first Motion for Bill of Particulars, an indictment charging a conspiracy under § 846 and § 841(a)(1) need only allege a conspiracy to distribute drugs, the time frame of the alleged conspiracy, and the statute violated. <u>United States v. Dempsey</u>, 806 F.2d 766, 769 (7th Cir. 1986); <u>see also</u> <u>United States v. Vaughn</u>, 722 F.3d 918, 927 (7th Cir. 2013) (noting that a bill of particulars is not necessary where the indictment includes the elements of the charged offense, the time and place of the alleged criminal conduct, and a citation to the relevant statute), <u>cert. denied</u> 134 S.Ct. 541 (2013). The indictment

need not allege any specific overt act in furtherance of the conspiracy. United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir. 1982). Moreover, a bill of particulars is unnecessary where the information the defendant seeks is available through alternative means such as discovery. Vaughn, 722 F.3d at 927 (7th Cir. 2013); see also United States v. Redd, 167 F. App'x 565, 568 (7th Cir. 2006) (unpublished) (finding that the district court did not abuse its discretion in denying a motion for a bill of particulars where the indictment set out the elements of the offenses charged, the defendant had access to the criminal complaint, and the defendant was allowed to conduct discovery).

The Third Superseding Indictment alleges a conspiracy to distribute drugs, the time frame of the alleged conspiracy, and the statute violated. The only difference between the Third Superseding Indictment and the Superseding Indictment at issue in the last Motion for Bill of Particulars is that the Third Superseding Indictment does not name any of the alleged co-conspirators (the previous ones named Jason Walker). However, the Government represents that the discovery is not large and is easily searchable.

The discovery includes statements from the alleged co-conspirators who are identified in the discovery. The statements include the dates their dealings with Defendant began, the amounts of drugs they distributed on his behalf, and the prices Defendant charged. Moreover, the discovery includes Defendant's own statement in which he admitted being a major methamphetamine trafficker, having a drug source in Kansas City, fronting drugs to others for resale and eventual repayment, and being in significant drug debt. See Govt. Resp. to First Motion (d/e 31); see also Govt. Resp. to Second Motion (d/e 105).

Further, the case cited by Defendant does not support his position. In Roman, the defendant argued that he may have been convicted on the basis of facts not found by or presented to the grand jury that indicted him. Roman, 728 F.2d at 849. That defendant relied on a Southern District of New York case which held that the Indictment Clause of the Fifth Amendment requires that an indictment contain "'some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury.'" Id. at 854,

quoting United States v. Abrams, 539 F. Supp. 378, 384 (S.D.N.Y. 1982).

The Seventh Circuit distinguished Abrams, however, on the ground that Abrams involved a substantive offense and not a conspiracy. Roman, 728 F. 2d at 854-55. An indictment for a conspiracy does not need to be as specific as an indictment for a substantive count. Id. at 855.

The Third Superseding Indictment alleges a conspiracy to distribute drugs, the time frame of the alleged conspiracy, and the statute violated. Moreover, the Government represents that it has provided discovery to Defendant that contains the information Defendant seeks, and asserts that the discovery is not large and is easily searchable. Therefore, the Second Motion for Bill of Particulars is DENIED.

### III. MOTION TO RECONSIDER DECISIONS REGARDING MOTIONS TO SUPPRESS

Defendant asks the Court to reconsider its previous decisions on the Motions to Suppress. See Opinions 38 and 67.

In the Motion to Reconsider, Defendant essentially argues: (1) the no-knock warrant should not have been issued because the justifications for it (the installation of cameras, Defendant's history of resisting arrest, and a previous alleged attempt to destroy evidence) were insufficient to support a no-knock warrant; and (2) Agent Murphy was not credible.

The Government responds that the Court should strike the motion as slanderous and redundant. The Government further argues that the motion offers no substance and should be denied.

The Court finds no reason to reconsider its previous rulings. The Court observed Detective Murphy testify and found him credible. Moreover, even if the no-knock aspect of the warrant were improperly permitted, exclusion is not an appropriate remedy. See Hudson v. Michigan, 547 U.S. 586, 598 (2006) (finding the "cost of applying the exclusionary rule to knock-and-announce violations is considerable," and the "extant deterrences against them are substantial" such that "[r]esort to the massive remedy of suppressing evidence of guilt is unjustified"); United States v. Collins, 714 F.3d 540, 543 (7th Cir. 2013) (citing Hudson for the

proposition that "exclusion is not an appropriate remedy for violations of the knock-and-announce rule"). Therefore, the Motion is denied, and the evidentiary hearing scheduled is vacated.

## IV. CONCLUSION

**For the reasons stated, the Government's Motion in Limine [94] is GRANTED IN PART. Defendant's Second Motion for Bill of Particulars [102] is DENIED. Defendant's Motion for Reconsideration of Decisions Regarding Suppression [109] is DENIED. This matter is set for a continued Final Pretrial Conference on April 17, 2015 at 1:30 p.m.**

ENTERED: April 14, 2015

FOR THE COURT:

       s/Sue E Myerscough
       SUE E. MYERSCOUGH
       UNITED STATES DISTRICT JUDGE